DELAWARE, LACKAWANNA AND WESTERN RAILROAD COMPANY

*v.*

SAMUEL SMYTH and ADAMS EXPRESS COMPANY.

[Submitted July 27th, 1921. Decided July 27th, 1921.]

1. A contract in which an express company employe assumed the risk of accident caused by or resulting from negligence of the express company, or persons operating a railroad, vessel or vehicle, is rendered invalid by *P. L. 1913 p. 302* as against the public policy of the state.

2. An express company is not a carrier within the provisions of the Federal Employers' Liability act (*U. S. Comp. Stat. §§ 8657, 8665*), section 8661 governing the liability of common carriers to their employes and forbidding contracts releasing liability for injury.

---

On issue in cause transferred.

*Mr. Frederick B. Scott* and *Mr. G. W. Smyth* (of the New York bar), for the complainant.

*Mr. Alexander Simpson* and *Mr. Thomas F. Tumulty*, for the defendant Smyth.

*Mr. William K. Flanagan*, for the defendant Adams Express Company.

GRIFFIN, V. C.

Samuel Smyth, a defendant in this suit (who will hereinafter be referred to as the defendant), commenced his suit in the su-

preme court of this state against the complainant to recover damages for personal injuries alleged to have been sustained on the 23d day of August, 1917, by reason of the negligence of the complainant in operating its cars. He was an employe of the Adams Express Company, and at the time of the accident was engaged as a stacker in a car of complainant, and was lawfully there.

The complainant, by its amended answer in the suit at law set up that Smyth was a servant of the Adams Express Company, and upon entering its employ signed an agreement to execute a release of claims of the character set out in the declaration, and prayed that the case be transferred to equity, to the end that the defendant might be decreed to specifically perform his contract to deliver the release; and the cause was so transferred.

After the record at law was filed in this court, the Adams Express Company was brought in as a party defendant, an issue was framed by filing pleadings according to the practice in equity, and proofs were taken.

The facts appearing are that the defendant, on the 6th day of June, 1917, signed an application for employment with the Adams Express Company, and signed an agreement captioned "Accident Release." At the time this agreement was signed there existed an agreement between the complainant and the express company, called an "Express Transportation Contract," in which the express company bound itself to indemnify complainant.

It is unnecessary to recite these agreements in full, because they are substantially the same as those referred to in the opinion of Mr. Justice Swayze, in the supreme court, in the case of *Dodd v. Central Railroad of New Jersey, 80 N. J. Law 56,* excepting this—that, in the "accident release" in the present case the defendant assumed the risk of accidents and injuries resulting by or from the gross or other negligence of any corporation or person engaged in any manner in operating any railroad, vessel or vehicle, &c.; and in the event of the defendant recovering from any of the carriers with whom the express company had contracted, for injury, &c., due to the gross negligence of the carrier, &c., by means whereof the express company under its agreement should be compelled to pay such negligent carrier, the de-

82          CASES IN CHANCERY, 1921.

Del., Lack. & West. R. R. Co. v. Smyth.          93 N. J. Eq.

fendant bound himself and his legal representatives to repay such sum, with interest, &c., to the express company.

In *Dodd* v. *Central Railroad of New Jersey, supra* (at *p. 59*), Mr. Justice Swayze, speaking for the supreme court, said, referring to the question of public policy: "This question is to be solved in view of the existing state of the law without regard to the changes which perhaps now are generally considered desirable changes introduced by statutes in other jurisdictions. We have no statute forbidding a contract by which the employe agrees to exempt his employer from liability;" and, finding that the contract was not, in law, against public policy, reversed the judgment of the district court, which was in favor of the plaintiff. This case was unanimously affirmed by the court of errors and appeals (*82 N. J. Law 524,* November 20th, 1911).

Since the above decision, on April 1st, 1913 (*P. L. 1913 ch. 174 p. 302; first Supp. Comp. Stat. 1915 p. 1651*), and prior to the date of the agreement in question, a statute was passed providing, in paragraph 23 of section 3, as amended (at *p. 312*), as follows:

> "No agreement, composition or release of damages made before the happening of any accident, except the agreement defined in section 2 of this act, shall be valid or shall bar a claim for damages for the injury resulting therefrom, and any such agreement, other than that defined in section 2 herein, is declared to be against the public policy of this state. The receipt of benefits from any association, society or fund to which the employe shall have been a contributor shall not bar the recovery of damages by action at law or the recovery of compensation under section 2 hereof."

The foregoing paragraph is general in its terms, and renders invalid all such agreements or releases as that contained under the caption "Accident Release."

It is unlike the federal statute entitled "An act relating to the liability of common carriers to their employes in certain cases" (*U. S. Comp. Stat. §§ 8655, 8657*); section 8661 (being section 5 of the act), which applies only to contracts between the carrier and its employe; and an express company, not being a carrier within the meaning of the act, the statute is inapplicable. *Wells Fargo & Co.* v. *Taylor,* decided December 6th, 1920; *254 U. S. 175; 41 Sup. Ct. Rep. 93 (97)*, citing with approval, *Higgins*

*v. Erie Railroad Co., 89 N. J. Law 629; Chicago and Alton Railroad Co. v. Wagner, 289 U. S. 452; 36 Sup. Ct. Rep. 135.*

The case, therefore, is a common law action to recover damages against an alleged tort-feasor, which is not governed by the federal statute—in this, that the defendant was not an employe of the complainant, a carrier, and was an employe of the Adams Express Company, which is not a carrier. *Chicago and Alton Railroad Co. v. Wagner, supra.*

There is nothing alleged in the pleadings, nor that appears in the case, so far as I am able to perceive, that raises any federal question which makes our laws inapplicable; and, as under such laws said agreement is declared to be against the public policy of this state, complainant is not entitled to relief herein.

I will advise a decree that the bill be dismissed.

Certain other questions have been raised, such as the effect of accepting benefits under our Workmen's Compensation act, from the express company. *Jacowicz v. Delaware, Lackawanna and Western Railroad Co., 87 N. J. Law 273.* Such questions may be fully presented on the trial at law.

As the transfer to this court was made, and the pleadings moulded into a suit for specific performance in aid of a suit at law, and as the only equitable question presented has been decided against the complainant, an order will be made re-transferring the case to the supreme court, pursuant to the statute.